vs.

---

## PAIGE & WELLS vs. SCOTT'S HEIRS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE
PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

Where the owner of a tract of land gave permission to make "a race
course" on it, saying to the plaintiffs "they might have the land ten
years for nothing," or "as long as they pleased," but it does not appear
that the owner was to derive any benefit from the improvement put on
it; *Held*, that there was no lease, and the heirs of the late owner are
entitled to the possession under their inheritance.

It is of the essence of the contract of lease, that a rent, or an equivalent,
should be stipulated.

This is an action to enforce a verbal lease, or an
innominate contract. The plaintiffs allege, that Judge
Scott, the ancestor of the defendants, leased to them a tract
of land, adjoining the town of Alexandria, for "a race
course," to be used by them for the term of ten years, free of
rent, for and in consideration of the improvements made, and
to be made on the land, which were then worth four thou-
sand dollars. That Judge Scott died, in August, 1834,
without having made and executed a lease in writing ; and,
since his death, his widow and heirs have slandered their
title, by denying the above lease was ever made to them,
and have endeavored to deprive them of the benefit and use
of it, to their damage five hundred dollars. They pray for
judgment quieting them in their title and possession to the

land in question, for the term of their lease, and for their
damages.

The defendants deny that the plaintiffs have any manner
of title to the premises, either by lease, or otherwise. That
they have illegally, and without any shadow of title, taken
possession of the land, have cut down valuable timber, and
made crops thereon, and are still cultivating the same, for
which defendants claim damages in reconvention in the sum
of five thousand dollars.

Upon these pleadings and issues, the cause was tried
before the court and a jury.

M'Crummin, a witness for plaintiffs, says he made a
survey of the ground and *race course*, and that he observed
to Judge Scott, that as the plaintiffs would be at great
expense, he ought to let them have a long lease; and Judge
Scott observed they might have it as long as they pleased.
They have occupied it since, and made considerable
improvements on it. He made the survey the 3d April, 1834.

*Mr. Chew,* a witness on same side, says, having heard
that Judge Scott had leased the space of ground called the
*race course*, he asked him about it, who told witness, that one
of the plaintiffs being his son-in-law, he let them have the
land for ten years for nothing. They have since made con-
siderable improvements on it. Thinks the labor and expense
would cost four or five thousand dollars. If, after ten years,
it should continue a race course, these improvements would
make it more valuable. Thinks if he was the owner he could
now rent it for fifteen hundred dollars.

*Mr. Thomas* has heard Judge Scott, several times, mention
the making the lease, but did not mention the terms, that
he recollects. Said he did not rent the land for cultivation,
and would not.

The district judge charged the jury, " that article 2641 of
the Louisiana Code did not exclude all other prices, or con-
siderations, for the enjoyment of the property by lease, than
those mentioned in this article. And, if they were con-
vinced by the evidence that the plaintiffs were to have the
enjoyment of the property in question, for ten years, and, as

the consideration of said enjoyment, they were to put certain improvements on it which would enhance the value of the property to the proprietor, such contract would be legal in itself; and, though not, perhaps, constituting what the jurists technically call a lease, yet it would be governed by the same rules; and they might, therefore, view it in that light, and give a verdict in favor of the plaintiffs, if such a case was made out to their satisfaction." This charge was excepted to by the defendants' counsel.

The 2641st article of the code says, "the price should be certain and determinate, and consist of money. However, it may consist in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing hired."

The jury returned a verdict for the plaintiffs, confirming their lease for ten years, and that they be quieted in the enjoyment thereof. From judgment confirming the verdict, the defendants appealed.

*Dunbar*, for the plaintiffs.

*Elgee*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment by which the plaintiffs are quieted in the use and possession of a tract of land, which they allege that they hold on a lease from the ancestor of the defendants.

The answer denies that the plaintiffs have any lease. They have not produced any written one, but they have proven by one witness that the defendants' ancestor told him, "that as one of the plaintiffs was his *son-in-law, he let them have the land ten years for nothing.*" Another witness deposed, that on his telling the defendants' ancestor that he "ought to let the plaintiffs have a long lease" of the tract, he replied, "*they might have it as long as they pleased.*"

There is not the least tittle of evidence that the defendants' ancestor stipulated for any rent, or any profit or advantage, for the use and occupation of the land. The plaintiffs

improved it as a *race ground*, and it is shown that they spent large sums of money in fitting it up as such.  But it does not appear that the defendants' ancestor was to derive any benefit from these improvements, as the plaintiffs were not bound to leave them on the premises.

The plaintiffs have indeed shown, that they had the gratuitous permission to make use of the tract of land, as a race ground, but not that they had any lease of it.  The jury, therefore, erred in concluding that the plaintiffs had a lease, it being of the essence of the contract of lease, that a rent, or an equivalent, should be stipulated.  The judgment on this verdict is erroneous, and unsupported by law, and, consequently, cannot stand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that ours be for the defendants, as in the case of a non-suit, with costs in both courts.

<div style="margin-left:auto">

WESTERN DIST.

*Oct.* 1838.

Where the owner of a tract of land gave permission to make " a race course" on it, saying to the plaintiffs, " they might have the land ten years for nothing," or " as long as they pleased ;" but it does not appear, that the owner was to derive any benefit from the improvements put on it : *Held*, that there was no lease and the heirs of the late owner are entitled to the possession under their inheritance.

It is of the essence of the contract of a lease that a rent or an equivalent should be stipulated.